

FILED
CLERK, U.S. DISTRICT COURT
JUN 16 2022
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, v. FERNANDO GUADARRAMA-LEAL, Defendant. | Case No. 22-MJ-2366<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. §§ 3143(a)(1), 3148(b)] |
|---|---|

I.

On June 16, 2022, Defendant Fernando Guadarrama-Leal made his initial appearance – by consent to video teleconference - in this district following his arrest on the petition for revocation of supervised release and warrant for arrest issued in the District of Arizona on June 15, 2022. Deputy Federal Public Defender Lisa LaBarre was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Angela Makabali.   A detention hearing was held.

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that :

A.  ☒  Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

> ☒ allegations in the petition: Defendant's failure to report to the U.S. Probation Office following his release from custody on November 18, 2021; In addition, Defendant is a citizen of Mexico with no legal status in the United States, and is alleged to have used aliases and name variations. Defendant also has a history of failure to appear and probation violations/revocations.

In addition to the above factors, Defendant's criminal history, which includes misdemeanor convictions demonstrates that he is not willing or able to abide by court orders and the Court is not convinced that the defendant will abide by its order to appear for future court appearances if released on bail. The Court notes that Pretrial Services was not able to contact Defendant's brother, a proposed surety, to determine whether he would be a viable surety in this matter.

B.  ☒  Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

> ☒ criminal history which includes an active restraining order against a minor.

III.

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal to be removed to the District of Arizona forthwith.

<u>The Court directs government counsel to follow up with government counsel in the charging district regarding Defendant's next scheduled, and provide this information to DFPD LaBarre so that they may monitor the status of defendant's transportation to, and arrival in, the charging district for his next appearance.</u>

Dated: June 16, 2022

_____/s/_____<br>
ALKA SAGAR<br>
UNITED STATES MAGISTRATE JUDGE